UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA and the COMMONWEALTH OF MASSACHUSETTS ex. rel. DAVID PERRY,<br>    Plaintiffs and Relator<br>v.<br><br>BOURNEWOOD, INC. d/b/a BOURNEWOOD HEALTH SYSTEMS and FIRST PSYCHIATRIC PLANNERS, INC.,<br>    Defendants | FILED UNDER SEAL PURSUANT TO<br>31 U.S.C. Section 3730(b)(2)<br><br>Civil Action No. |

## COMPLAINT UNDER THE FALSE CLAIMS ACT AND JURY DEMAND

Plaintiff-Relator, David Perry, through his attorneys, on behalf of the United States of America (the "Federal Government") and the Commonwealth of Massachusetts (the "Commonwealth") brings this complaint against the Defendants who are in violation of the Civil False Claims Act, 31 U.S.C. Section 3729, et seq. ("FCA"), the Anti-Kickback Statute, 42 U.S.C. Section 1320a-7b ("AKS"), Eliminating Kickbacks in Recovery Act, 18 U.S.C., Section 220(a) ("EKRA"), the Massachusetts False Claims Act, M.G.L. c. 12 Section 5B ("MFCA"), M.G.L. c. 118E Section 41, and M.G.L. c. 175H, Section 3.

### I. Background

1. Qui tam Relator, David Perry, brings this action on behalf of the Federal Government and the Commonwealth against Bournewood, Inc. d/b/a Bournewood Health Systems and First Psychiatric Planners, Inc. ("Defendantss") for treble damages and civil penalties arising from Defendants's conduct in violation of the FCA, AKS, EKRA, MFCA, M.G.L. c. 118E, Section 41, and M.G.L. c. 175H, Section 3.  The violations arise out of kickbacks, renumeration, and/or financial or in-kind inducements to patients in the form of free housing to participate in and/or use Defendants's medical services which are billed to Medicaid/Masshealth, Medicare, and/or other federally-funded government healthcare programs (hereinafter collectively referred to as "Government Healthcare Programs").

### II. Jurisdiction and Venue

2. The acts proscribed by the FCA and EKRA complained of herein occurred within the Commonwealth and Defendants maintains its offices and does business in the Commonwealth. Therefore, this Court has jurisdiction and venue over the case pursuant to FCA and EKRA, as well as 28 U.S.C., Section 1345.

1

3. The facts and circumstances which give rise to the Defendants' violation of the FCA, EKRA and the MFCA have not been publicly disclosed in a criminal, civil, or administrative hearing, nor in any congressional, administrative, or General Accounting Office report, hearing, audit, or investigation, nor in the news media.

4. Relator is the original source of the information upon which this complaint is based, as the phrase is used in the FCA and the other laws at issue herein.

### III. Parties

5. Relator, David Perry ("Perry"), is a Massachusetts resident and at material times herein the operator of Recovery Educational Services, Inc. ("RES"). RES operated until sometime during 2018. In his position as President of RES, Perry negotiated the rental terms for housing that Bournewood contracted with RES to pay for its patients.

6. Relator Perry brings this action based upon his direct knowledge and, where indicated, on information and belief. None of the actionable allegations set forth in this Complaint are based on a public disclosure as set forth in the FCA or the MFCA, and Relator is the an original source of the facts alleged in this Complaint.

7. Defendant, Bournewood, Inc., is a domestic for-profit corporation with a principal office located at 300 South Street, Brookline, MA 02167 and Stephen D. Howard, MD, as its President.

8. Defendant, First Psychiatric Planners, Inc., is a professional corporation with a principal office located at 300 South Street, Brookline, MA 02167 and Raymond Robinson as its registered agent.

9. Bournewood, Inc. and/or First Psychiatric Planners, Inc. do business as or through Bournewood Health Systems. Bournewood, Inc. and First Psychiatric Planners, Inc. are associated businesses and/or have common ownership.

### IV. Facts

10. At all material times hereto and upon information and belief to this date, the Defendants (one or both) provide outpatient treatment for individuals in recovery from substance use (the "Medical Services").

11. The Defendants (one or both) bill Government Healthcare Programs for Medical Services and are paid by Government Healthcare Programs for Medical Services.

12. The Medical Services were provided to individuals who were residing at RES from on or about 2009 through mid-2018 (the "Patients").

2

13. The Defendants paid RES for the Patients' housing at RES in Roxbury, MA, so that the Patients could live for free and receive the Medical Services from one or both of the Defendants (the "Free Housing").

14. First Psychiatric Planners, Inc. paid RES for the Free Housing of its Patients.

15. First Psychiatric Planners, Inc. paid RES $78,600.00 for "Rents" for tax year 2013 for the Free Housing provided to its Patients.

16. First Psychiatric Planners, Inc. paid RES $152,730.00 for "Rents" for tax year 2015 for the Free Housing provided to its Patients.

17. First Psychiatric Planners, Inc. held itself out to RES to be associated with "Bournewood" and the Patients were often driven by RES to Bournewood's facilities located at 300 South Street, Brookline for treatment.

18. The Free Housing equated to a kickback, renumeration, and/or financial or in-kind inducement to the Patients in the form of free housing to participate in and/or use Defendants' Medical Services which are billed to Government Healthcare Programs.

19. Defendants used the Free Housing to captivate the Patients for purposes of rendering Medical Services that could be billed to Government Healthcare Programs.

20. Defendants also provided transportation for the Patients directly and/or through RES, to transport the Patients to and from Defendants' facilities to receive the Medical Services. The transportation was also a form of inducement and means to control the Patients, in addition to providing Free Housing, in order to create a billing pool of patients for the Medical Services to be billed to the Government Healthcare Programs.

21. Upon information and/or belief, to this date, the Defendants still provide free housing to patients by paying sober living facilities for housing for their outpatients.

22. The Defendants' practices were knowingly and willingly done in violation of Federal and State law, and structured artfully to avoid the direct payment of money to Patients to use for free housing. The Defendants paid sober houses to provide the Free Housing to its Patients, in order to conceal and attempt to circumvent anti-kickback laws. The Defendants' conduct was/is unfair and deceptive in that they are inducing patients to treat with them by providing free housing and/or transportation.

23. The Defendants' conspired, by their actions and agreement, to effectuate the payment of Free Housing for Patients to obtain and control their medical care in order to bill Government Healthcare Programs.

### COUNT I – False Claims Act

24. Relator realleges and incorporates the foregoing paragraphs 1-23 as though fully set forth herein.

25. This is a claim by Relator, on behalf of the Federal Government and the Commonwealth, for treble damages and penalties under the FCA, against the Defendants for knowingly violating the FCA, AKS and EKRA.

26. The AKS prohibits the exchange (or offer to exchange), of anything of value (renumeration), in an effort to induce (or reward) the referral of business reimbursable by federal health care programs.

27. Remuneration under the AKS includes anything of value and can take many forms besides cash, such as free rent, expensive hotel stays and meals, and excessive compensation for medical directorships or consultancies.

28. A claim that is based on a violation of the AKS constitutes a false or fraudulent claim for purposes of the FCA.

29. EKRA prohibits three specific types of knowing and willful conduct: 1) Soliciting or receiving, "any remuneration (including any kickback, bribe, or rebate)," in exchange for referring a patient to a recovery home, clinical treatment facility, or laboratory; 2) Paying or offering any remuneration to induce the referral of a patient to a recovery home, clinical treatment facility, or laboratory; and, 3) Paying or offering any remuneration in exchange for a patient using the services of a recovery home, clinical treatment facility, or laboratory.

30. The Defendants' payment of Free Housing for Patients is a violation of EKRA.

31. A claim that is based on a violation of the EKRA constitutes a false or fraudulent claim for purposes of the FCA.

32. The Federal Government is entitled to three times the amount by which it was damaged, to be determined at trial, plus a civil penalty under the FCA and for each of the Defendants' violations of the AKS and EKRA.

WHEREFORE, Relator respectfully requests that this Court enter judgment against the Defendants, as follows:

(a) That the Federal Government be awarded damages in the amount of three times the damages sustained by it because of the false claims alleged within this Complaint, as the FCA provides;

4

(b) That civil penalties under the FCA, AKS and EKRA be imposed for each and every violation or false claim that Defendants caused to be presented to the Federal Government/Government Healthcare Programs;

(c) That pre and post judgment interest be awarded, along with reasonable attorneys' fees, costs, and expenses which the Relator necessarily incurred in bringing and presenting this case;

(d) That the Relators be awarded the maximum amount allowed pursuant to the FCA, AKS and EKRA; and

(e) That the Court award such other and further relief as it deems proper.

### COUNT II – Massachusetts False Claims Act

33. Relator realleges and incorporates the foregoing paragraphs 1-32 as though fully set forth herein.

34. This is a qui tam claim by Relator, on behalf of the Commonwealth, for treble damages and penalties under the MFCA, against the Defendants for knowingly violating the MFCA, M.G.L. c. 118E, Section 41, and M.G.L. c. 175H, Section 3.

35. The MFCA provides liability for any person who-

> (1) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to obtain payment or approval of a claim by the commonwealth or
> (3) conspires to defraud the commonwealth or any political subdivision thereof through the allowance or payment of a fraudulent claim;
> (9) is a beneficiary of an inadvertent submission of a false claim to the common wealth or political subdivision thereof, subsequently discovers the falsity of the claim, and fails to 'disclose the false claim to the commonwealth or political subdivision within a reasonable time after discovery of the false claim.

36. In addition, M.G.L. c. 118E, Section 41 states in part, "Whoever solicits or receives any remuneration, including any bribe or rebate, directly or indirectly, overtly or covertly, in cash or in kind in return for purchasing, leasing, ordering or arranging for or recommending purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under this chapter, or whoever offers or pays

any remuneration, including any bribe or rebate, directly or indirectly, overtly or covertly, in cash or in kind to induce such person to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering any good, facility, service, or item for which payment may be made in whole or in part under this chapter shall be punished by a fine of not more than ten thousand dollars, or by imprisonment in the state prison for not more than five years or in a jail or house of correction for not more than two and one-half years, or by both such fine and imprisonment."

37. Defendants violated M.G.L. c. 118E, Section 41 by engaging in the conduct described above.

38. A violation of 42 U.S.C. 1320a–7b, or Section 41 of chapter 118E is a violation of the MFCA.

39. The Commonwealth, by and through MassHealth and other state healthcare programs, and unaware of Defendants' conduct, paid the claims submitted by the Defendants and/or for the Defendants' benefit.

40. Defendants' compliance with applicable Medicare, Medicaid/MassHealth and the various other federal and state laws cited herein was implied, and upon information and belief, also an express condition of payment of claims submitted by the Defendants to the Commonwealth.

41. Had the Commonwealth known that the Defendants was violating federal and state laws cited herein, the Commonwealth and/or Government Healthcare Programs would not have paid the claims submitted by Defendants and providers acting under their direction and/or control.

42. As a result of Defendants' violations of the MFCA, the Commonwealth has been damaged in an amount far in excess of one million dollars exclusive of interest.

43. Relator is a private citizen with direct and independent knowledge of the factual allegations of this Complaint, who has brought this action pursuant to the MFCA on behalf of himself and the Commonwealth.

44. This Court is requested to accept pendant jurisdiction of this related state claim as it is predicated upon the exact same facts as the federal claim, and merely asserts separate damage to the Commonwealth in the operation of its Medicaid program.

WHEREFORE, Relator respectfully requests this Court to award the following damages to the following parties and against Defendants:

To the Commonwealth: 1) Three times the amount of actual damages which the Commonwealth has sustained as a result of the Defendants' conduct; 2) A civil penalty under

the FCA and other applicable laws for each false claim which the Defendants caused to be presented to the Commonwealth; 3) Prejudgment interest; and 4) All costs incurred in bringing this action.

To the Relator: 1) The maximum amount allowed pursuant to M.G.L. c. 12, Section 5F and/or an applicable provisions of law; 2) Reimbursement for reasonable expenses incurred; 3) An award of reasonable attorneys' fees and costs; and 4) Such further relief as the Court deems equitable and just.

**JURY DEMAND**

Relator requests a trial by jury.

Dated this 10th day of September 2021.

For the Plaintiffs/Relator,

By_____
Andrew J. Tine (BBO633639)
Law Offices of Andrew J. Tine
18 Maple Avenue, Suite 267
Barrington, RI 02806
atine@tinelaw.com
401-396-9002 – Tel.